O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| TERRY TOMBLINSON, | ) | Case No. EDCV 09-1819-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Terry Tomblinson ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. For the reasons stated below, the Commissioner's decision is reversed, and this action is remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on October 17, 1959. (Administrative Record ("AR") at 16). She has a high school education and relevant work experience as a forklift operator. (AR at 16).

Plaintiff filed an application for DIB on May 26, 2006, alleging disability beginning on February 19, 1999, due to neck and shoulder injuries, headaches, wrist numbness, and an inability to sit or stand for long periods. (AR at 12, 14, 35, 95). Plaintiff's application was denied at the initial and reconsideration levels of review. (AR at 10).

An administrative hearing was held on March 4, 2009, before Administrative Law Judge Thomas J. Gaye ("the ALJ"). (AR at 27-58). Plaintiff was not represented by counsel. Plaintiff and a vocational expert testified at the hearing. (AR at 27-58). On April 27, 2009, the ALJ issued a decision finding that Plaintiff was not under a disability, as defined in the Social Security Act. (AR at 10-17).

The ALJ evaluated Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. *See* 20 C.F.R. § 404.1520. The ALJ found that Plaintiff: (1) did not engage in substantial gainful activity from her alleged onset date of February 19, 1999, through her date last insured of December 31, 2004 (step 1); (2) suffers from the severe impairments of chronic neck pain with occipital/cervogenic headaches, status post anterior cervical discectomy fusion, and right shoulder pain (step 2); (3) does not have any impairments that meet or equal a listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform a range of sedentary work,[1] as defined in C.F.R. § 404.1567(a); (5) is unable to perform her past relevant work; but (6) is capable of

---

[1] Specifically, the ALJ found that Plaintiff is able to sit, stand and walk six hours in an eight-hour workday, and occasionally push and pull with the right upper extremity, reach at or above shoulder level, climb ramps and stairs, balance, stoop, kneel, crouch and crawl. (AR at 14). Plaintiff is precluded from engaging in work involving climbing of ladders, ropes, and scaffolds, concentrated exposure to extreme cold and heat, and moderate exposure to noise and vibration. (AR at 14).

performing other work that exists in significant numbers in the economy, including work as an information clerk, order clerk, and general office clerk. (AR at 12-13, 17). Therefore, the ALJ concluded that Plaintiff was not disabled at any time from her alleged onset date through her date last insured. (AR at 17).

On September 2, 2009, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. (AR at 1-3). Plaintiff then commenced this action for judicial review.

The parties filed a joint statement of disputed issues on April 19, 2010. Plaintiff raises the following arguments:

1. The ALJ improperly rejected the opinion of an examining physician. (Joint Stipulation at 3-4, 6-7).
2. The ALJ failed to properly assess Plaintiff's residual functional capacity. (Joint Stipulation at 7-10).
3. The ALJ failed to pose a complete hypothetical question to the vocational expert. (Joint Stipulation at 10-13).
4. The ALJ erred in finding that Plaintiff was capable of performing the jobs of order clerk and general office clerk. (Joint Stipulation at 13-14, 16-17).

Plaintiff seeks remand for a payment of benefits or, in the alternative, remand for a new administrative hearing and further development of the record. (Joint Stipulation at 17). The Commissioner requests that the ALJ's Decision be affirmed. (Joint Stipulation at 18). The matter has been taken under submission without oral argument.

\\

**II. <u>Standard of Review</u>**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III. <u>Discussion</u>**

    **A.  Plaintiff's Neck Limitations**

In February 1999, while working at a grocery store, Plaintiff began experiencing pain in her neck and right shoulder after lifting a box of wine. (AR at 14). Plaintiff underwent right shoulder surgery in 2001, and a cervical spine fusion at the C5-6 level in 2002. (AR at 14, 260).

On October 13, 2003, Joseph P. Klein, M.D., performed an orthopedic

qualified medical re-evaluation on Plaintiff.[2] (AR at 259-76). Plaintiff reported minimal to slight pain with repetitive use of her right upper extremity at or above shoulder level, moderate pain with very heavy lifting while using the right shoulder, and constant slight neck and head pain, which became moderate with activities of very heavy lifting. (AR at 263). Dr. Klein diagnosed Plaintiff as follows: status post arthroscopic subacromial decompression, distal clavicular excision, and excision of radial flap tears of anterior and posterior labrum; postoperative residual neck pain and headaches; and postoperative interbody C5-6 fusion with anterior plate fixation. (AR at 263). Dr. Klein determined that Plaintiff should not engage in work activity involving repetitive work with her right arm at or above shoulder level, very heavy lifting with the right upper extremity, repetitive neck motion, keeping her neck in a fixed position for more than 15 minutes at a time without having at least five minutes to turn and move it to a different position, and heavy lifting. (AR at 264).

The ALJ's assessment of Plaintiff's residual functional capacity did not address Dr. Klein's findings regarding Plaintiff's neck limitations (no repetitive neck motion and no work requiring Plaintiff's neck to be in a fixed position for more than 15 minutes at a time without having at least five minutes to turn and move it to a different position). *See* 20 C.F.R. 404, Subpt. P, App. 2 § 200.00(c) (defining residual functional capacity as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). While the ALJ summarized Dr. Klein's opinion in the decision, he did not accept the findings or state

---

[2] Dr. Klein previously examined Plaintiff in January 2002 and December 2000. (AR at 249-50, 260).

any reasons for discounting Dr. Klein's opinion. (AR at 13, 15). Instead, the ALJ merely stated that he was giving "significant weight" to the findings of the State Agency review physicians. (AR at 15-16, 1595-1601, 1632-33).

Opinions of examining physicians are entitled to greater weight than those of non-examining physicians. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1996). To reject a controverted opinion of an examining physician, the ALJ must make findings setting forth specific, legitimate reasons for doing so based on substantial evidence in the record. *Id.* at 830. The opinions from non-examining physicians, without other supporting evidence, are insufficient to reject the opinion of an examining professional. *Id.* at 831.

Here, the opinions of the non-examining State Agency physicians, without more, was not proper a basis for rejecting Dr. Klein's findings, and the ALJ failed to set forth any other specific, legitimate reasons to support his evaluation of the medical evidence. *Id.* at 830-31. Therefore, the Court finds that the ALJ erred by rejecting Dr. Klein's opinion.[3]

\\

---

[3] Because the ALJ improperly rejected Dr. Klein's opinion, the record is not sufficiently developed to support a determination of disability without further proceedings. Thus, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her application on remand.

**IV. Conclusion**

For the reasons stated, the action is reversed and remanded so that the ALJ can further evaluate the medical evidence and make appropriate findings. *See Bunnell*, 336 F.3d at 1112.

DATED: April 29, 2010

_____
MARC L. GOLDMAN
United States Magistrate Judge